IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| QUALITY EQUIPMENT LEASING, LLC, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) CIVIL ACTION NO. 2:19-cv-309-MHT-WC ) |
| SHAW TRANSFER TRUCKING LLC, | ) ) ) ) |
| Defendant. | ) ) |

**VERIFIED COMPLAINT FOR DETINUE AND OTHER RELIEF**

**COMES NOW,** the Plaintiff Quality Equipment Leasing, LLC ("Quality"), and states its complaint against the Defendant, Shaw Transfer Trucking, LLC, as follows:

### JURISDICTIONAL STATEMENT

1. Quality is a Delaware corporation with its principal place of business located in Indianapolis, Indiana.

2. Shaw Transfer Trucking, LLC ("Shaw") is an Alabama limited liability company with its principal place of business in Montgomery, Alabama.

3. The amount in controversy exceeds $75,000, exclusive of interest and costs.

4.  This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a).

5.  This Court has personal jurisdiction over Shaw and venue is proper in the Middle District of Alabama.

## COUNT I

### REQUEST FOR INJUNCTIVE RELIEF

6.  Quality hereby incorporates all allegations and averments of paragraphs 1 through 5 as if fully set out herein.

7.  Shaw and Quality entered into several tractor leases dating back to March 2017. The leases are attached hereto as Exhibits "A-E." Shaw was found to be in default of their leases for failure to make payments.

8.  In June 2017, Shaw entered into leases with Quality for five (5) 2014 Volvo 670 tractors. *See* Exhibits "A-E." The leases were for a term of sixty-six (66) months beginning July, 2017 and ending January, 2023. Monthly payments were $1,666.00 per tractor for a total of $8,330.00 per month. The VIN numbers for the tractors are as follows: 4V4NC9EH9EN160912; 4V4NC9EH0EN160913; 4V4NC9EH4EN160915; 4V4NC9E116EN161967; and 4V4NC9EH5EN165086.

9.  Shaw defaulted on the lease for failure to make payments.

10. Quality has only been able to recover two of the five tractors under the lease. The tractors Shaw has not surrendered, despite multiple demands by Quality,

are VIN numbers 4V4NC9EH9EN160912; 4V4NC9EH0EN160913; and 4V4NC9EH4EN160915; (the "Equipment"). The total balance owed under the lease is $92,590.12, plus late fees, attorney fees and other charges allowed per the Leases.

11. Pursuant to paragraph 14 of each of the lease agreements described above, Quality is entitled to utilize a number of remedies upon Shaw' default:

> 14. **REMEDIES UPON DEFAULT.** Upon any Event of Default, Lessor may, at its option and without demand or notice to Lessee, do any one or more of the following:
>
> A. Pay all amounts required to be paid or perform or cause to be performed all obligations required to be performed by Lessee hereunder and charge Lessee as additional rent the amount paid or the reasonable value of all services perfom led therefore;
>
> B. Take immediate possession of the Vehicles in accordance with the provisions of Section 15;
>
> C. Declare all payments under this Agreement due immediately and payable by acceleration and Lessor shall recover the Full Amount as liquidated damages, the reasonableness of such damages being acknowledged by Lessee; or
>
> D. Terminate the Agreement and Lessee's rights hereunder and require Lessee, at its sole cost to promptly return the Vehicles to Lessor at such locations as Lessor may designate. If Lessee is in default of the Agreement or any other agreement with Lessor, Lessee shall be declared in default of all existing agreements between Lessee and Lessor. No tern li nation, repossession, or other act by Lessor after default by Lessee shall relieve Lessee from any of its obligations hereunder. In addition, Lessee shall pay to Lessor on demand the unamortized portion of any expense associated with any Vehicle and all fees, costs and

expenses incurred by Lessor in enforcing its rights hereunder including, without limitation, reasonable attorney's fees. <u>The remedies provided in favor of Lessor shall be cumulative and in addition to all other remedies provided in the Agreement or existing at law or in equity.</u>

12. Quality is entitled to immediate possession of the Equipment as described above. Shaw is wrongfully depriving Quality of the use and possession of the Equipment, and Quality may be irreparably harmed by Shaw's continued use and possession.

**WHEREFORE, PREMISES CONSIDERED,** Quality prays that this Court:

a. Enter an order in the form attached hereto as Exhibit "F" enjoining Shaw, its officers, agents, successors, deputies, servants, and/or employees, shareholders, and any and all persons acting by, through or under them, or by and through Shaw's orders, from altering or disposing of any of the Equipment without express written consent of Quality and setting the request for a Writ of Seizure for hearing on an expedited basis; and

b. After a hearing on the request for the Writ of Seizure is held, enter an order after said hearing directing Shaw, its officers, agents, successors, deputies, servants, and/or employees, shareholders, and any and all persons acting by, through or under them, or by and through Shaw's orders, to assemble the Equipment for surrender to the Sheriff, and issuing a Writ of Seizure directing the Sheriff to seize

immediately such equipment, together with any personal property attached thereto, and surrender same to Quality; and

c.   Grant such other and further relief as this Court may deem appropriate.

## COUNT II

### BREACH OF LEASE AGREEMENT

13.   Quality hereby incorporates all allegations and averments of paragraphs 1 through 12 as if fully set forth herein.

14.   As explained in paragraph 14 of the lease agreements, "No termination, repossession or other act by [Quality] after default by [Shaw] shall relieve [Shaw] from any of its obligations hereunder."

15.   After all credits due, Shaw currently owes Quality the sum of Ninety-two thousand Five Hundred ninety and 12/100 ($92,590.12), which is the total amount due under all of the leases of Shaw was declared in default. Additionally, Shaw owes Quality liquidated damages, collection expenses, and attorneys' fees, all of which are provided for in the lease agreements attached to this Complaint.

16.   Pursuant to the lease agreements attached hereto, Quality demanded that Shaw tender the amount due under the lease agreements and return the Equipment.

**WHEREFORE, PREMISES CONSIDERED,** Quality demands

judgment against the Defendant, Shaw Transfer Trucking, LLC, in the amount of $92,590.12 plus collection expenses, including attorneys' fees and expenses, and liquidated damages as laid out in the lease agreements attached hereto. Quality further prays that this Court will grant such other and further relief as it may deem appropriate.

## COUNT III

### CONVERSION

17. Quality hereby incorporates all allegations and averments of paragraphs 1 through 16 as fully set out herein.

18. As described hereinabove, Shaw is in wrongful possession of the Equipment belonging to Quality.

19. Shaw has converted the Equipment to its own use and upon demand has refused to return possession.

**WHEREFORE, PREMISES CONSIDERED**, Quality requests the Court enter an order directing Shaw to deliver the Equipment to Quality or its agents. Moreover, Quality requests the Court enter a judgment for the reasonable rental value of the Equipment for the period which Shaw wrongly retained possession, plus punitive damages. Quality further prays the Court will grant such other and further relief as it may deem appropriate.

Respectfully submitted,

_____
C. Steven Ball (BAL024)
ROBERT W. WINDSOR (WIN052)
Attorneys for the Plaintiff

OF COUNSEL:

CARR ALLISON
100 Vestavia Parkway
Birmingham, AL 35216
Telephone: (205) 822-2006
Facsimile: (205) 822-2057
Email: sball@carrallison.com

**PLEASE SERVE THE DEFENDANT BY CERTIFIED MAIL:**

Shaw Transfer Trucking, LLC
Attention: Omni Shaw
5427 Roland Drive
Montgomery, AL 36108

## VERIFICATION

I, Terri Clay, having been duly sworn, states as follows:

1. I am employed as Vice President of Equipment Control for Celadon Trucking Services, Inc.

2. Quality Equipment Leasing, LLC ("Quality") is a wholly owned subsidiary of Celadon. This Verification is based on my knowledge of Quality's business practices and my review of Quality's records kept in the regular course of business.

3. I have reviewed Quality's Verified Complaint and verify under the penalty of perjury that all facts and allegations contained therein are true and accurate. I further verify the enclosed exhibits are true and accurate copies of Quality's records kept in the regular course of business. The records were made by, or from information transmitted by, persons with knowledge of the matters set forth.

_____
Terri Clay, Affiant

SWORN TO and SUBSCRIBED before me on this the 24th day of APRIL, 2019 at INDIANAPOLIS, INDIANA, witness my hand and official seal of the office.

MORGAN B BICK
Marion County
My Commission Expires
September 21, 2025

_____
Notary Public
My Commission Expires: 09.21.2025