IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| QUALITY EQUIPMENT LEASING, LLC, ) ) ) | |
| Plaintiff, ) ) | |
| ) | CIVIL ACTION NO. |
| v. ) | 2:19cv309-MHT |
| ) | |
| SHAW TRANSFER TRUCKING LLC, ) ) ) | |
| Defendant. ) | |

ORDER

The allegations of the complaint in this case are insufficient to invoke this court's original jurisdiction under 28 U.S.C. § 1332 (diversity of citizenship). To invoke original jurisdiction based on diversity, the complaint must distinctly and affirmatively allege each party's citizenship. *See McGovern v. American Airlines, Inc.*, 511 F. 2d 653, 654 (5th Cir. 1975) (per curiam). The allegations must show that the citizenship of each plaintiff is different from that of each defendant. *See* 28 U.S.C. § 1332; *see also* 2 James Wm. Moore, et al., Moore's

Federal Practice § 8.03[5][b] at 8-16 (3d ed. 2006).

The complaint here is insufficient because it does not properly indicate the citizenship of the parties, both of which are alleged to be limited liability companies. "[L]ike a limited partnership, a limited liability company is a citizen of any state of which a member of the company is a citizen." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). The complaint must therefore allege "the citizenships of all the members of the limited liability company." *Id*. (And if the entity consists of several entities, the complaint must reflect the citizenship, or citizenships, of each and every entity based on the nature of that entity.)

***

It is therefore the ORDER, JUDGMENT, and DECREE of the court that the plaintiff has until May 20, 2019, to amend the complaint to allege jurisdiction sufficiently; otherwise this lawsuit shall be dismissed

without prejudice.

DONE, this the 6th day of May, 2019.

                                              /s/ Myron H. Thompson
                                      **UNITED STATES DISTRICT JUDGE**